**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHRISTIAN FERNANDO BARRERA GARCIA, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 1:26-cv-00761-PX |
| NIKITA BAKER *et al*., | * | |
| Respondents. | * | |
| | *** | |

**ORDER**

Petitioner Christian Fernando Barrera Garcia is a national of El Salvador.  ECF No. 1.  He is 21 years old.  *Id.*  On January 23, 2025, Respondents granted Petitioner Special Immigrant Juvenile Status ("SIJS") along with Deferred Action for a period of four years.  ECF Nos. 1 & 1-2.  Despite this, on February 21, 2026, Respondents forcibly took Petitioner into custody, resulting in suspected serious injuries to his arm for which his counsel cannot confirm he has received medical attention.  ECF No. 1 at 1, 7–8.  Petitioner has otherwise complied with all release conditions that Respondents have imposed and is not otherwise subject to immediate removal.  *Id.*

Respondents contend that they are entitled to arrest and detain petitioner pursuant to 8 U.S.C. § 1225(b).  The Court rejects that argument, along with the holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and agrees with its colleagues in this district that *Yajure Hurtado* was wrongly decided.  *See, e.g., Alvarado v. Scott*, et al., Civ. No. DLB-25-3972, ECF No. 15 (D. Md. Jan. 15, 2026) (collecting cases). Thus, the Court finds that § 1226(a)'s discretionary detention framework applies to Petitioner such that he is eligible for bond.

1

Additionally, the Court adopts the reasoning of *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Petitioner is a member of the nationwide class defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Thus, the *Bautista* Court's declaratory relief applies to him.

For these reasons, the Court **GRANTS** the Petition challenging the constitutionality of Petitioner's continued detention pursuant to 28 U.S.C. § 2241. As for relief, given Petitioner's age, the seriousness of his current injuries, the lack of immediate medical attention to such injuries, and his current SIJS and Deferred Action status, this Court will order Petitioner's immediate release subject to his compliance with all of his previous release conditions and his attendance at any bond hearing to be scheduled by Respondents in Maryland.

Based on the foregoing, and on this 24th day of February 2026, the United States District Court for the District of Maryland, hereby **ORDERS** that:

1. Respondents **IMMEDIATELY RELEASE** Petitioner subject to any existing conditions of release previously imposed and his attendance at any bond hearing to be scheduled by Respondents in Maryland;

2.  The Court **SHALL RETAIN** jurisdiction over this matter to enforce compliance with this Order; and

3.  Within **seven (7) days** from the date of this Order, the parties **SHALL** file a status report as to whether Respondents have complied with the above-stated conditions and whether the Case may be closed.

_____/s/_____

PAULA XINIS
United States District Judge
